Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF __Delaware__

UNITED STATES OF AMERICA
V.

Willie Anderson and
Eric Sampson

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-81M-MPT

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __April 28, 2005__ in __Kent__ county, in the _____ District of __Delaware__ defendant(s) did, (Track Statutory Language of Offense)

knowingly possess with the intent to distribute greater than 50 grams of a mixture and substance containing a detectable amount of cocaine base, a controlled substance, and the defendants knowingly conspired to commit that offense

in violation of Title __21__ United States Code, Section(s) __841(a)(1) and 846__.

I further state that I am a(n) __Deputized DEA Task Force Officer__ and that this complaint is based on the following
Official Title

facts: see attached affidavit

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant
Ronald Marzec
Deputized DEA Task Force Officer

Sworn to before me and subscribed in my presence,

_____ at __Wilmington, Delaware__
Date                                                City and State

Honorable Joseph J. Farnan, Jr.
United States District Court

Name & Title of Judicial Officer          Signature of Judicial Officer

AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT/COMPLAINT SUBMITTED BY TFO RONALD MARZEC, ASSIGNED TO DEA DOVER TASK FORCE

1. Your affiant, Ronald Marzec is a deputized DEA Task Force Officer assigned to the DEA Dover Task Force, Dover, Delaware. Your affiant has been a sworn law enforcement officer (Delmar Delaware Police Department) since January 1994. Your affiant has been a member of the DEA Dover Task Force (DTF) since on or about July 1997. Through the course of his law enforcement career, your affiant has been involved in numerous investigations concerning the distribution of illicit narcotics. Your affiant has also received the appropriate training with regards to the enforcement of narcotics investigations, and identification of narcotics. The following information is provided in support of this affidavit and includes information your affiant has received from DEA Confidential Sources of Information, other Sources of Information, from other law enforcement officers, and your affiant's personal knowledge.

2. On or between February through April 28, 2005, your Affiant has taken part in an investigation relating to the cocaine distribution/trafficking activities of Eric SAMPSON                    and Willie Anderson. During this period DEA Dover Task Force Personnel, to include your affiant, conducted controlled purchase of cocaine base from SAMPSON; these purchases were recorded by DEA personnel. On at least one occasion, ANDERSON was observed with SAMPSON during the delivery of cocaine base. ANDERSON stated that he was a citizen of the British West Indies. ANDERSON had no knowledge as to his U.S. Residency status.

3. On or about April 28, 2005, DEA Dover Task Force Personnel, along with other members of law enforcement established surveillance in the area of SAMPSON's residence located in Brigeville, Delaware. On this date, SAMPSON agreed to provide a DEA Confidential Source (CS) with approximately three (3) ounces of cocaine base for a price of $3600.00. Surveillance was established at the SAMPSON residence. During surveillance ANDERSON arrived at the SAMPSOSN residence operating a vehicle owned by ANDERSON's girlfriend. SAMSPON agreed to meet with the CS at a pre-determined location to deliver the cocaine base.

4. On this date, SAMPSON and ANDERSON arrived at the meet location. Officers identified themselves, and attempted to arrest subjects. At this point, both subjects attempted to flee from the scene. Subjects were eventually detained by law enforcement. A search of ANDERSON's person revealed that he had

approximately 52 grams of cocaine base. A search of the vehicle operated by ANDERSON, with SAMSPSON as the passenger revealed an additional 49 grams of cocaine base, which was visible to both subjects based on the location of where the cocaine base was at. An additional 5 grams of cocaine base were located in the ashtray area of the vehicle. Your affiant conducted a Field Test of the substances. The substances referenced (approx. 100 grams) tested positive for the presence of cocaine hydrochloride.

5. Post arrest/Post-Miranda warning statements provided by subjects to DEA personnel revealed that ANDERSON admitted that he had "stolen" the drugs found on his person from an unidentified drug dealer in Seaford, Delaware earlier on this date. SAMPSON admitted to contacting ANDERSON in order to procure the narcotics for sale to an individual he now believes to be a Police Officer.

TFO Ronald Marzec