

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Chase Manhattan Centre*       *(302) 573-6277*
*1201 Market Street, Suite 1100*      *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

July 28, 2005

Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware   19801

    Re:  **United States v. Eric Sampson**
         **Criminal Action. No. 05-57-JJF**

Dear Judge Farnan:

    The defendant in the above-captioned case has agreed to the terms of the enclosed Memorandum of Plea Agreement. The parties request that the Court schedule a Rule 11 proceeding at which time the guilty plea will be entered.

                      Respectfully submitted,

                      COLM F. CONNOLLY
                      United States Attorney

                By:   /s/ Richard G. Andrews
                      Richard G. Andrews
                      First Assistant United States Attorney

pc:   Eleni Kousoulis, Esquire
      Clerk, U.S. District Court

RGA:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-57-JJF |
| | ) | |
| ERIC SAMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Eric Sampson, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count III of the Indictment, which charges him with distribution of cocaine base, a/k/a crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).

2. The defendant understands that the United States has filed an Information alleging that he has a "prior conviction for a felony drug offense," pursuant to 21 U.S.C. §§ 841(b)(1)(B) & 851. The defendant agrees that he has been convicted of a prior felony drug offense, and waives any and all objections to the filing and allegations of the Information. The defendant understands that as a consequence of his guilty plea and the filing of the Information, the maximum sentence for his crime is life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment.

3. The United States agrees to move to dismiss Counts I, II, IV, and V of the Indictment as they pertain to the defendant at the time of the sentencing.

4. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is: (1) on or about April 1, 2005, the defendant distributed a substance; (2) the substance was cocaine base; (3) the substance weighed more than five grams; and (4) the defendant acted knowingly.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a three level reduction for acceptance of responsibility. The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

6. The defendant agrees to pay the $100 special assessments the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified

only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                COLM F. CONNOLLY
                United States Attorney

_____    By:_____
Eleni Kousoulis, Esquire             Richard G. Andrews
Attorney for Defendant              First Assistant United States Attorney

_____
Eric Sampson
Defendant

Dated:

      **AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                _____
                HONORABLE JOSEPH J. FARNAN, JR.
                United States District Judge